Alex S. EVANS, Appellant,

v.

A. L. DUTTON, Warden, Georgia State
Prison, Reidsville, Georgia, Appellee.

No. 25348.

United States Court of Appeals,
Fifth Circuit.

May 6, 1971.

Robert B. Thompson, Gainesville, Ga.,
for appellant.

Alfred L. Evans, Jr., Asst. Atty. Gen.,
Atlanta, Ga., for appellee.

Before GEWIN and THORNBERRY,
Circuit Judges, and EDENFIELD, District Judge.

PER CURIAM:

In the decision of the Supreme Court,
Dutton v. Evans, 400 U.S. 74, 91 S.Ct.
210, 27 L.Ed.2d 213, reversing the judgment of this court in Evans v. Dutton,
400 F.2d 826 (5th Cir. 1968), the cause
was remanded to this court for consideration of other issues presented in this
habeas corpus proceeding. The Supreme
Court dealt only with the evidentiary and
and confrontation issues involved in the
case.

On oral argument before the Supreme
Court it was conceded that the death
penalty imposed could not be carried out,
because the jury was qualified under
standards violative of Witherspoon v.
Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20
L.Ed.2d 776.[1] See Dutton v. Evans, 400
U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213
note 20. Prior to that time this court
had already set aside, pursuant to the
*Witherspoon* decision, the death sentence
imposed in the companion case involving
Vincent Williams, an alleged accomplice
of Evans. See Williams v. Dutton, 5
Cir., 400 F.2d 797, 804–805. Accordingly, there has been appropriate disposition of the *Witherspoon* issue.

We have carefully reviewed all other
issues presented to the court and it is
our judgment that such issues have been
dealt with fully and were properly disposed of in our decision in Williams v.
Dutton, 400 F.2d 797 (5th Cir. 1968).
We adhere to our decision in that case.[2]

1. Following remand we requested briefs
from the parties. The Attorney General
of the State of Georgia, counsel for Dutton, has likewise expressly conceded in
this court the applicability of Witherspoon v. Illinois, *supra*.

2. The following appears in the brief of
Evans filed after remand:
Those questions, numbered 2 through 8,
enumerated on pages 3–5 of our original brief, are still insisted upon, although this Court has already consid-

See also United States ex rel. Williams v. Dutton, 431 F.2d 79 (5th Cir. 1970).

It is now here ordered and adjudged by this court that this cause be, and the same is hereby remanded to the United States District Court for further proceedings in conformity with the opinion and judgment of the Supreme Court and this opinion.

It is so ordered.

ered them in the companion case, Williams v. Dutton, 400 F.2d 797. See also United States ex rel. Williams v. Dutton, 431 F.2d 70.

